IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE DOTSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 21 CV 5772 |
| | ) | |
| MENARD, INC., | ) | |
| Defendant. | ) | |

## MOTION TO COMPEL PRODUCTION OF VIDEO

NOW COMES the Plaintiff, Valerie Dotson ("Dotson"), by and through undersigned counsel, and in support of her Motion to Compel Production of Video, states as follows:

1. That on May 13, 2019, Dotson was a customer at the Menards store located in Melrose Park, Illinois.

2. That while walking down an aisle at said store, two vertically stacked tires fell down from a shelving unit and struck the Plaintiff on or about her left and right feet and ankles.

3. That as a result of being struck by the aforementioned tires, Dotson was injured.

4. That on May 6, 2021, Plaintiff filed a Complaint at Law against Defendant, Menard, Inc. as a result of the May 13, 2019 occurrence. Said Complaint remains pending and undetermined before this Court.

5. That on March 16, 2023, the deposition of Menard, Inc. employee Edward G. Robinson was taken by Plaintiff's counsel.

6. That during his deposition, Mr. Robinson was asked whether there were video cameras at the subject Menard's store and answered as follows:

> Q. On the day in question, were there video cameras at Menards?
>
> A. There are video cameras throughout the store.
>
> Q. Video cameras throughout the store?
>
> A. Security cameras.
>
> Q. And in that aisle?
>
> A. I am trying to picture it. There is one near every aisle.

7. That after the deposition of Mr. Robinson, on or about March 29, 2023, Plaintiff's Counsel propounded a Second Request for Production of Documents to be answered by Defendants, seeking "any and all videos and motion pictures from the date of the incident in question, May 13, 2019, depicting the interior of the Menard's store where the subject incident

took place, including but not limited to the aisle where the subject incident occurred." This Production Request was propounded due to Edward G. Robinson's deposition testimony that security cameras were present throughout the store and near every single aisle at the store where the subject incident took place.

8. That in contradiction to Edward G. Robinson's testimony, Defendant's counsel responded to the aforementioned request as follows: "Defendant has no responsive videos or motion pictures in its possession, custody or control." *See Exhibit A.*

9. That upon information and belief, there are videos and/or motion pictures as requests in Plaintiff's Second Request for Production of Documents to which the Defendant has access.

10. That said videos and/or motion pictures would be critical to the Plaintiff's case.

WHEREFORE, the Plaintiff, Valerie Dotson, respectfully requests that this Honorable Court enter an Order as follows:

A. Requiring Defendant to produce to Plaintiff all videos and/or motion pictures as set forth in Plaintiff's Second Request for Production of Documents; and

B. For any such other and further relief this Court deems equitable and just.

Respectfully submitted,

_____
Douglas P. Trent
Attorney for Plaintiff

**TRENT LAW FIRM, P.C.**
350 S. Schmale Road, Suite 130
Carol Stream, IL 60188
(630) 682-3100
*paralegal@trentlawfirm.com*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE DOTSON, | ) | |
| | ) | Case No.: 1-21-cv-05772 |
| Plaintiff, | ) | |
| | ) | Honorable Harry D. Leinenweber |
| v. | ) | |
| | ) | Honorable Heather K. McShain |
| MENARD, INC., | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, MENARD, INC., by and through its attorneys, and pursuant to Fed. R. Civ. P. 34, responds and objects to Plaintiff, VALERIE DOTSON's Second Request for Production of Documents as follows:

1. Any and all videos and motion pictures from the date of the incident in question, May 13, 2019, depicting the interior of the Menard's Store where the subject incident took place, including, but not limited to the aisle where the subject incident occurred.

**ANSWER:** Defendant has no responsive videos or motion pictures in its possession, custody, or control.

DATED: March 29, 2023

Respectfully submitted,

**MENARD, INC.**

By: /s/ *Joseph S. Davidson*

W. Anthony Andrews
Joseph S. Davidson
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 North Naper Boulevard
Suite 350
Naperville, Illinois 60563
630-682-0085
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com



EXHIBIT A

```
 1   sir.  Go ahead.
 2        A.    That's okay.  It's not -- it's not something
 3   we get in every day.
 4        Q.    The tires that are delivered to Menard at the
 5   store you work at, the Menard employees stock the tires
 6   on the shelves there?
 7        A.    Yes, sir.  The Menards employees in hardware
 8   department stock them -- stock them on the shelves, yes.
 9        Q.    But they are employees of Menard?
10        A.    Yes.
11        Q.    Okay.  On the day in -- in question --
12        A.    Mm-hmm.
13        Q.    -- were there video cameras at Menard?
14        A.    There are video cameras throughout the store.
15        Q.    Video cameras throughout the store --
16        A.    Security cameras.
17        Q.    -- and in that aisle?
18        A.    I am trying to picture it.  There is one near
19   every aisle.
20        Q.    All right.  Thank you.
21        A.    The only areas I know --
22        Q.    No, no.  You answered the question.
23        A.    Yeah.
24        Q.    Thank you.
```

312.236.6936
877.653.6736
Fax 312.236.6968
www.lexitaslegal.com



EXHIBIT 4



LEXITAS