**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VALERIE DOTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21-cv-05772 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Valerie Dotson was walking down an aisle at one of Defendant Menard, Inc.'s

("Menard") stores when, seemingly out of nowhere, two tires flew off a nearby shelf and struck

both of Dotson's feet. As a result of the injuries she sustained from this incident, Dotson brought

the present action against Menard asserting a single claim for negligence under Illinois common

law. Menard now moves for summary judgment. (Dkt. No. 51.) For the reasons that follow, the

motion is granted.

**BACKGROUND**

The following facts regarding the incident giving rise to this action are undisputed.

On the evening of May 13, 2019, Dotson and her fiancé, Johnny Lynch, visited one of

Menard's stores in Melrose Park, Illinois, looking for plumbing supplies. (Pl.'s Resp. to Def.'s

Statement of Material Facts ("PRDSF") ¶¶ 11–12, Dkt. No. 66.) As they made their way to the

plumbing department, Dotson and Lynch walked through an aisle where tires were stocked on a

shelf located at Dotson's hip or waist level. (PRDSF ¶¶ 13–14; Def.'s Resp. to Pl.'s Statement of

Additional Facts ("DRPSAF") ¶ 13, Dkt. No. 68.) Suddenly, two tires "shot off" that shelf and

simultaneously struck both of Dotson's feet. (PRDSF ¶¶ 17–18.) The tires neither rolled nor

bounced prior to contacting Dotson. (*Id.* ¶¶ 19–20.) Dotson did not see the tires until the moment

they struck her. (*Id.* ¶¶ 21–22.) She likened the incident to the horror film, *The Exorcist*, and felt that the tires waited for her to walk by to shoot off the shelf. (*Id.* ¶¶ 25–26.)

Menard employee Ed Robinson was walking about ten to fifteen feet behind Dotson and Lynch at the time. (*Id.* ¶¶ 29–32.) While Robinson did not see the tires hit Dotson, he described seeing a sudden "flash of motion," followed by a boom, and he then observed the tires wobbling on the ground as they came to a rest. (PRDSF ¶¶ 32–33; DRPSAF ¶ 14.) During the six years he had worked at Menard, Robinson had not seen or heard of a tire shooting off the shelf. (PRDSF ¶¶ 30, 35–36.) Neither Robinson nor Dotson saw anybody other than Lynch in the vicinity of the tire shelf at the time of the incident. (*Id.* ¶¶ 27, 34.) And the incident was not captured by any of Menard's security cameras. (DRPSAF ¶¶ 4–5.)

## DISCUSSION

Summary judgment is appropriate if the admissible evidence considered as a whole shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law, even after all reasonable inferences are drawn in the non-movant's favor. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011). Here, Menard seeks summary judgment as to Dotson's negligence claim, the sole claim in this action. To prove a negligence claim in Illinois, Dotson must establish "the existence of a duty owed by [Menard] to [her], breach of that duty, and an injury proximately caused by that breach." *Clifford v. Wharton Bus. Grp., LLC*, 817 N.E.2d 1207, 1212 (Ill. App. Ct. 2004) (citing *Ward v. K Mart Corp.*, 554 N.E.2d 223, 226 (Ill. 1990)).

According to Menard, it owed no duty of care to Dotson given the extraordinary circumstances surrounding the incident. In particular, Illinois courts recognize that "where injury results from freakish, bizarre or fantastic circumstances, no duty exists and no negligence claim can be asserted for injuries that were not reasonably foreseeable." *Bonner v. City Chicago*, 778

2

N.E.2d 285, 291 (Ill. App. Ct. 2002). Menard argues that it could not have foreseen and thus had no duty to protect Dotson against the almost supernatural circumstance of two tires shooting off a shelf.

The Court agrees that it would indeed be freakish and bizarre for two large, heavy, and previously resting objects suddenly and without any apparent external application of force to transform into projectiles. Nonetheless, Menard's argument as to its lack of duty mistakenly focuses on the means by which Dotson was injured. "[T]he particular manner or method by which the plaintiff is injured is generally not germane to the determination of the existence of a duty." *Colonial Inn Motor Lodge, Inc. ex rel. Cincinnati Ins. Co. v. Gay*, 680 N.E.2d 407, 413 (Ill. App. Ct. 1997). Rather, the duty inquiry looks to "the preaccident relationship between the parties and the foreseeability of an injury to the particular plaintiff, not on the foreseeability of the actual injury or the specific means by which it was brought about." *Id.* Here, Dotson was a Menard customer and it was reasonably foreseeable to Menard that its customers could be injured by merchandise falling off store shelves. There is no doubt that Menard owes a duty to protect its customers from such an occurrence.

Nonetheless, the unusual way in which Dotson suffered an otherwise foreseeable injury is pertinent to a different element of her negligence claim. Whereas duty relates to "the unforeseen plaintiff problem[,] . . . the problem of the foreseeable injury resulting from unforeseen means" speaks to proximate cause. *Id.* Proximate cause incorporates "two distinct requirements: cause in fact and legal cause." *Abrams v. City of Chicago*, 811 N.E.2d 670, 674 (Ill. 2004) (internal quotation marks omitted). "A defendant's conduct is a 'cause in fact' of the plaintiff's injury only if that conduct is a material element and a substantial factor in bringing about the injury." *Id.* at 675. That will be the case where, "absent [the defendant's] conduct, the injury would not

have occurred." *Id.* On the other hand, "legal cause" entails an assessment of foreseeability; the question "is whether the injury is of a type that a reasonable person would see ***as a likely result*** of his or her conduct." *Id.* (internal quotation marks omitted). It is the plaintiff's burden to establish proximate cause with evidence demonstrating "that the defendant's alleged negligence caused the injuries for which the plaintiff seeks to recover." *Rahic v. Satellite Air-Land Motor Serv., Inc.*, 24 N.E.3d 315, 322 (Ill. App. Ct. 2014).

As described by Dotson, the manner by which she was struck by the two tires seemed to defy the laws of physics. This poses a problem for Dotson because she is tasked with coming forward with evidence from which a reasonable jury could find that Menard's negligence was a cause-in-fact of this highly unusual occurrence. *See, e.g.*, *Aalbers v. LaSalle Hotel Props.*, 206 N.E.3d 329, 337 (Ill. App. Ct. 2022) ("[T]he plaintiff must establish with reasonable certainty that the defendant's acts or omissions caused the injury." (internal quotation marks omitted)). While "[t]he plaintiff may establish proximate cause via the presentation of circumstantial, rather than direct, evidence[,] a fact cannot be established through [such] evidence unless the circumstances are so related to each other that it is the only probable, and not merely possible, conclusion that may be drawn." *Id.* (internal quotation marks omitted).

To show that Menard's negligence caused her injury, Dotson offers evidence that she claims reveals that the tire shelf was in disarray and not displayed or arranged in accordance with Menard's own policies. (DRPSAF ¶¶ 6–8, 17–21.) As an initial matter, had Menard's display practices been the cause of the tires striking Dotson, one would have expected the tires to have toppled off the shelf as opposed to shooting off the shelf. *See Mann v. Producers Chem. Co.*, 827 N.E.2d 883, 889 (Ill. App. Ct. 2005) ("[L]iability may be established when the facts and circumstances, in light of ordinary experience, reasonably suggest that the defendant's

negligence operated to produce the injury."). Even accepting that Menard was negligent in the manner by which it displayed the tires on the shelf, Dotson still lacks evidence showing that such conduct was the probable, as opposed to the possible, cause of her injury. *See, e.g.*, *Richardson v. Bond Drug Co. of Ill.*, 901 N.E.2d 973, 977 (Ill. App. Ct. 2009) ("When attempting to prove causation, a plaintiff must show circumstances that justify an inference of probability as opposed to a mere possibility."). She can only speculate that there was a connection between the tires shooting off the shelf and the method by which they were displayed, which does not suffice to create a genuine issue of fact. *Berke v. Manilow*, 63 N.E.3d 194, 204 (Ill. App. Ct. 2016) ("Liability against a defendant cannot be predicated on speculation, surmise, or conjecture."); *see also Austin v. Walgreen Co.*, 885 F.3d 1085, 1089 (7th Cir. 2018) ("Speculation does not defeat summary judgment."). It is equally possible that the tires shot off the shelf due some defect attributable to the tires' manufacturer. *See, e.g.*, *Richardson*, 901 N.E.2d at 977 ("The existence of one fact cannot be inferred when a contrary fact can be inferred with equal certainty from the same set of facts.").

Finally, to the extent that Menard's display practices were the but-for cause of Dotson's injuries, she still cannot establish that it was foreseeable to Menard that its conduct would cause the tires to shoot off the shelf. Dotson does not contend that Menard should have known that the tires it displayed were at risk of autonomously propelling themselves forward. Moreover, Robinson testified that, in his six years of working at Menard, he was not aware of any other incident where tires shot off the shelves. (DRPSAF ¶¶ 35–36.) There was simply no evidence suggesting that Menard should have foreseen that its stocking practices could have resulted in this extremely unusual accident.

In short, the Court concludes that Dotson has failed to come forward with sufficient evidence to create an issue of fact as to Menard's responsibility for the tires flying off the shelf. Since Dotson has failed to meet her burden of showing that Menard's negligence proximately caused her injury, Menard is entitled to summary judgment on Dotson's negligence claim.

## CONCLUSION

For the foregoing reasons, Menard's motion for summary judgment (Dkt. No. 51) is granted. The Clerk shall enter Judgment in favor of Menard.

ENTERED:

Dated:  August 9, 2024

_____
Andrea R. Wood
United States District Judge